# United States Court of Appeals
# for the Fifth Circuit

————————

No. 22-60455
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023

Lyle W. Cayce
Clerk

United States of America,

Plaintiff—Appellee,

versus

Ronnie Thomas,

Defendant—Appellant.

———————————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-CR-15-1

———————————————————————

Before Wiener, Elrod, and Engelhardt, Circuit Judges.

Per Curiam:*

Defendant-Appellant Ronnie Thomas pleaded guilty to one count of distribution of cocaine and was sentenced as a career offender to 151 months in prison, the bottom of the guidelines range. On appeal, he challenges the substantive reasonableness of his sentence. Thomas contends that his

————————————————

* This opinion is not designated for publication. See 5th Cir. R. 47.5.

sentence is substantively unreasonable because the district court afforded insufficient credit to mitigating factors that he specifies. We AFFIRM.

We review the substantive reasonableness of a district court's sentence for abuse of discretion. We give great deference to the sentence imposed by the district court and its weighing of the sentencing factors. *United States v. Simpson*, 796 F.3d 548, 557 (5th Cir. 2015). Because Thomas's sentence was within the guideline range, it is presumed to be reasonable. *See id.* He can only rebut this presumption "by demonstrating that the sentence: (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* at 558 (internal quotations omitted).

We have reviewed the record and conclude that Thomas has failed to rebut the presumption of reasonableness. The district court considered Thomas's and the Government's contentions and concluded that a sentence at the bottom of the range was appropriate. Further, Thomas's disagreement with the policy of the career-offender provision of the U.S. Sentencing Guidelines is not sufficient to make his sentence unreasonable. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 356–67 (5th Cir. 2009).

We AFFIRM.